FILED
SUPERIOR COURT
OF GUAM

2022 APR 18 PM 3: 19

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN EDWARD TAIENAO BABAUTA,<br><br>Defendant. | Case No. CF0372-15<br><br>**DECISION AND ORDER**<br>**(Motion to Enter Judgment)** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on March 14, 2022, for a Revocation Hearing on the People of Guam's ("People") Motion to Enter Judgment. Assistant Public Defender John Morrison appeared for John Edward Taienao Babauta ("Defendant"). Assistant Attorney General Katherine Nepton appeared for the People. Having considered the arguments and the applicable law, the Court hereby **GRANTS** the People's Motion to Enter Judgment.

## BACKGROUND

On March 28, 2016, Defendant pled guilty to Possession of a Schedule II Controlled Substance (As a Third Degree Felony) pursuant to a deferred plea agreement between Defendant and the People. Order After Hearing, Mar. 28, 2016. The Court sentenced Defendant to probation for a period of two years and imposed several conditions on Defendant during his probation period. Deferred Plea Agreement, Apr. 8, 2016.

On April 20, 2016, Probation filed a first violation report after Defendant missed eight drug tests and four weekly group counseling sessions. 1st Violation Report, Apr. 20, 2016. Defendant continued to violate his probation conditions, including testing positive for illegal controlled substances, committing new criminal offenses, failing to attend a drug rehabilitation program, and neglecting to report to the Probation Services Office ("Probation"). Defendant's probationary period expired on March 27, 2018, and the Court granted an extension until March 28, 2020. 12th Violation Report (Phase I), Oct. 9, 2019. On December 23, 2019, the Court ordered Defendant transferred from Adult Drug Court One ("ADC") to traditional probation and the probation conditions modified. Stipulation and Order Modifying Probation and Transferring Defendant from Adult Court One, Dec. 23, 2019. In total, Defendant violated the conditions of his probation fifteen times while participating in ADC and an additional eight times while participating in traditional probation. Among other things, Defendant's current probation conditions require Defendant: (1) perform one hundred fifty hours of community service; (2) pay a fine of five thousand dollars and court costs of eighty dollars; (3) attend and successfully complete any drug or alcohol counseling program after assessment at the Guam Behavioral Health and Wellness Center ("GBHWC"); (4) attend at least twenty-four recovery support group meetings; (5) report to Probation three times per a week; (6) not possess or consume any illegal controlled substances; and (7) obey all laws of Guam. *Id.*

On September 23, 2021, the People filed the instant motion. People's Mot. to Enter Judgment, Sept. 23, 2021. Defendant filed an opposition. Mot. for Reconsideration of the Order Granting the People's Mot. to Enter Judgment (hereinafter "Mot. for Reconsideration"), Oct. 5, 2021. The People responded Defendant's opposition. People's Resp. to Def.'s Mot. for Reconsideration, Oct. 20, 2021. The People then filed a second response to Defendant's opposition. People's Resp. to Def.'s Resp. for Mot. to Enter Judgment, Nov. 9, 2021. The

Court held a Revocation Hearing and took the parties' arguments under advisement. Minute Entry, Mar. 14, 2022.

**DISCUSSION**

Title 9 G.C.A. § 80.66(a)(2) provides "[a]t any time before the discharge of the offender or the termination of the period of suspension or probation . . . the court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public." When a court revokes probation, it is empowered to sentence the defendant to any sentence that may it have originally imposed. 9 G.C.A § 80.66(b). The decision to revoke probation is discretionary, and there is no bright-line rule for when revocation is appropriate. *United States v. Gallo*, 20 F.3d 7, 14–15.

The Supreme Court of Guam has held "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26. The Supreme Court of Guam reasoned that while probation "implicates a liberty interest," the probationer is not entitled to the "full panoply of due process rights due to other criminal defendants." *Id.* Probationers facing potential revocation are entitled to: "(1) notice of claimed violations; (2) [an] opportunity to hear and present evidence; (3) the conditioned right to confront adverse witnesses; (4) an independent decision maker; and (5) a written report of the hearing." *Id.* Probation revocation is a two-step process. The first step is to "make a factual determination that a violation of a condition of probation has actually occurred." *Id.* at 27. If the violation is proven, the second step is for the Court to ". . . determine if the violation warrants revocation of probation." *Id.*

## A. Defendant violated his conditions of probation.

The standard for determining whether a probationer violated a condition of his or her probation is that "the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation. *Id.* at ¶ 30. The Court's decision to revoke "must be based on credible evidence, but the defendant bears the burden of showing an excuse for failure to comply with the condition." *Id.*

First, Defendant violated the condition to attend and complete treatment. Defendant has never attended a class at GBHWC or with ADC, and, therefore, has not even attempted to complete treatment. Probation filed a violation on May 26, 2021, stating Defendant failed "to submit proof of attendance or completion of a drug rehabilitation program" and failed "to submit proof of attendance or completion of twenty-four (24) self-help meetings." 4th Violation Report, May 26, 2021. The Court finds nothing in the record indicating Defendant has since begun attending treatment or self-help meetings.

Second, Defendant violated the condition that he report to Probation three times per a week. Probation has filed five violation reports for Defendant's non-appearance since Defendant was transferred from ADC probation to traditional probation. At no time did Defendant offer a legitimate excuse for his absence.

Third, Defendant violated the condition prohibiting the consumption or possession of illegal controlled substances. Defendant has violated this condition twice since being transferred from ADC probation to traditional probation. Both times Defendant submitted to a drug test that yielded presumptive positive results, and then admitted to using illegal controlled substances via signed declaration. Defendant's admissions and the confirmed positive drug test are evidence of Defendant's violations.

Fourth, Defendant violated the condition to obey all laws of Guam. Defendant is charged with Unauthorized Use of a Motor Vehicle (As a Misdemeanor) and Burglary (As a Second Degree Felony) in CM0312-19 and CF0599-20. 11th Violation Report, July 24, 2019; 3rd Violation Report, Dec. 18, 2020.

Lastly, Defendant violated the condition to make payments towards the fines and to complete the community service. To date, the only condition of probation Defendant has made any progress on is the community service condition; he has completed ninety-one of his one hundred fifty hours. Defendant has yet to make any payments towards the five thousand dollar fine. While failure to pay a fine alone is not a serious violation, taken into account with the other violations it shows Defendant has no interest in completing the conditions of his probation.

**B. Whether Defendant's violation of Probation warrants revocation.**

The Supreme Court of the United States has stated that with regard to probation revocation, "the State clearly has an interest in punishment and deterrence, but this interest can often be served fully by alternative means. [T]he state is not powerless to enforce judgments against those financially unable to pay a fine. For example, the sentencing court could extend the time for making payments, or reduce the fine, or direct that the probationer perform some form of labor or public service in lieu of the fine." *Bearden v. Georgia*, 461 U.S. 660, 671–72 (internal citations and quotations omitted).

A probationer's violation of probation warrants revocation when the violation upsets the intent of the probation conditions. *See Camacho*, 2009 Guam 6 ¶ 31. In *Camacho*, the Supreme Court of Guam held that a probationer's violation of his probation conditions was serious enough to warrant revocation where the probationer failed to report for drug tests and where the defendant failed to pay a fine. The Supreme Court of Guam reasoned that because

the defendant was convicted of drug-related offenses, the purpose of the testing probation condition was to ensure the defendant remained sober. *Id.* The Supreme Court of Guam also acknowledged that failure to pay a fine alone was not as serious as the failure to report for drug tests. *Id.*

The People assert that the Court should enter the judgment of the Defendant's Deferred Plea Agreement and revoke probation because "Defendant is not performing satisfactorily the terms of the agreement." People's Mot. to Enter Judgment at 1. Defendant argues that "revocation does not serve the best interest of the public by incarcerating Mr. Babauta at significant cost to the people of Guam and does not serve the ends of justice for essentially a victimless crime." Mot. for Reconsideration at 5. He further argues that he can still benefit from probation and become a productive member of society. *Id.*

The Court disagrees with Defendant's suggestion that he can still benefit from probation. Defendant entered into the Deferred Plea Agreement six years ago, and has failed to complete a single condition of probation. If Defendant were to benefit from probation, he would have made greater progress towards completing his treatment. The purpose of a condition for treatment is sustained sobriety; however, sobriety becomes unattainable without the right support. Defendant frequently tests positive for controlled substances or fails to attend to his drug tests altogether. He has yet to attend a drug rehabilitation program or a support group meeting. The Court acknowledges that dealing with addiction is difficult. However, Defendant cannot expect to overcome addiction if he is not going to attend treatment programs and fail to report drug tests.

The theory of treatment conditions include: aiding rehabilitation and averting recidivism. Treatment provides the prospect of a better quality of life and a capability of sobriety, both of which would ease Defendant back into society. However, Defendant's drug

use, absence from reports, and refusal of treatment all frustrate the purpose of seeking recovery. Defendant was granted the opportunity, time, and support to comply with his conditions and receive treatment. Yet, Defendant deliberately avoids attending treatment.

The People note that had Defendant attended the required treatment programs, he may have avoided allegedly committing two additional crimes while on probation. The intent of the probation condition that Defendant "obey all laws" is to protect the public. Defendant's alleged actions endangered the public. Thus, it is clear to the Court that Defendant's violations upset the intent of his probation conditions.

Defendant entered into the Deferred Plea Agreement six years ago, and he has yet to complete the probation conditions. Furthermore, the People filed this motion on September 23, 2021. Defendant had nearly six months between the People's request that the Court revoke Defendant's probation and Defendant's hearing to revoke his probation to demonstrate to the Court that he could make progress on his probation conditions. Instead, he chose to put forth zero effort in completing his probation conditions and committed additional violations. He cannot satisfy his probation conditions without attending treatment. His continued drug use, repeated absences, and treatment absconding is not the path for a sober life. The probation extension granted was an opportunity to move forward; and yet, Defendant never took advantage of that opportunity. Defendant cannot build a better life without the tools to do so. Accordingly, it is in Defendant's best interest for the Court to revoke probation.

## C. Defendant is not a good candidate for Guam's Immediate Violation Enforcement program.

Lastly, Defendant requests that the Court permit him to participate in Guam's Immediate Violation Enforcement ("GIVE") program instead of revoking his probation. Digital Recording at 1:18:45–1:45:15 (Mot. H'rg. Mar. 14, 2022). The GIVE program is

designed for high-risk offenders that have accrued five or more violations while on probation and are at risk of having their probation revoked. The intent of the program is to provide intensive supervision and sanctions for violations to help probationers remain on track for completing their probation. The program allows for five "misbehaviors" before probation is revoked.

The Court finds that Defendant is not a good candidate for GIVE. Although he is a high-risk offender that has accrued more than five violations on traditional probation, Defendant's multitude of violations suggests he would not succeed in GIVE. The GIVE program is for defendants who are making progress in probation but also struggle to refrain from committing violations. Defendant's minimal progress towards completing his probation conditions demonstrates that Defendant has no intention of completing his probation conditions. Moreover, Defendant's fifteen violations while in ADC and eight violations while on traditional probation vastly exceeds the five violations necessary for eligibility. Transferring this case to GIVE would simply be relocating the same problems from one courtroom to another.

## CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** the People's Motion to Enter Judgment.

SO ORDERED, this __18__ day of __April__ 2022.

_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam